BURTON v. UNITED STATES.

No. 45735.

Court of Claims.

May 7, 1945.

*

Clarence F. Rothenbury, of Washington, D. C. (Hamel, Park & Saunders, of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson, and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge, delivered the opinion of the court:

The plaintiff complains that he was required to pay a federal gift tax larger by $5,901.76 than the law required, on gifts made by him in 1936 in trust for his children and grandchildren. In that year he executed a declaration of trust, the pertinent provisions of which are quoted at length in finding 3. The question here litigated is whether the interests given to the plaintiff's children and grandchildren by the trust instrument were, as the Government claims, future interests. The Internal Revenue Act of 1932, in Section 501, 26 U.S.C.A.Int.Rev.Acts, page 580, imposed a tax on gifts, whether in trust or otherwise, and in Section 502 provided how the tax should be computed. Section 504 provided:

"Sec. 504. Net Gifts

"(a) General Definition. The term net 'gifts' means the total amount of gifts

made during the calendar year, less the deductions provided in section 505.

"(b) Gifts Less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

Article 11, Treasury Department Regulations 79 (1936 Edition), relating to the exclusions under Section 504(b), supra, is as follows:

"Art. 11. Future interests in property.— No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. * * * But a future interest or interests in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer employed in effecting a gift. For valuation of future interests, see subdivision (7) of article 19."

There were five children and nine grandchildren alive at the time the gifts here in question were put into the trust. If the interests of the fourteen beneficiaries were not future interests, then the donor, the plaintiff, was entitled to take a deduction of $5,000 for each of them, or $70,000 in all, in computing the amount of his gifts in that year for gift-tax purposes. If the interests of the beneficiaries were future interests, only one deduction of $5,000, that on the gift to the trustees, could be taken. The plaintiff, pursuant to a deficiency notice from the Commissioner of Internal Revenue, paid a gift tax on the basis of only one deduction of $5,000, and sues here to recover the difference between that payment and what he would have paid if he had been allowed fourteen deductions of $5,000 each.

Paragraph 5 of the trust instrument, quoted in finding 3, named the plaintiff's five children individually, but only designated the grandchildren as a group. It directed the trustee, subject to the power given in paragraph 7, to provide for the welfare of the plaintiff's wife out of income or principal, to "allocate" the net income of the trust, 50% to the five named children and 50% to the grandchildren— "and as often and in such amounts as the trustees shall deem advisable disbursement thereof shall be made in the manner following: Fifty percent (50%) thereof shall be divided equally among grantor's five children, if living, and fifty (50%) percent thereof shall be distributed equally among grantor's grandchildren as a group." The paragraph then provided that if at any time prior to the termination of the trust a child died, that child's children should take the amounts which the child "would have received if living" but if the child died without issue such amounts should be paid to the grandchildren as a group. It made the same provision for the case of the death of a grandchild during the life of the trust. It provided that distribution of income or principal to grandchildren as a group should be made, not per stirpes, but share and share alike, and said—"if hereafter issue are born to any of grantor's children such future born issue shall be entitled to participate in the same manner and to the same extent as if now living."

Paragraph 6 provided that the trust could be terminated by the unanimous action of the trustees at any time after ten years, and should in any event terminate at the end of 21 years; and that at termination all remaining principal and income should be distributed among the children and grandchildren in the manner provided in paragraph 5 for the distribution of income. Paragraph 7, as we have said, gave the trustees power "if a condition shall hereafter arise which, in the opinion of the trustees, makes it necessary or desirable that provision be made for the maintenance or welfare of" the grantor's wife, to use income or principal "to provide adequately" for her. Paragraph 8 was as follows:

"8. The respective interests of beneficiaries in the trust fund created hereby shall in no case vest in such beneficiaries until they respectively, shall become entitled to receive and demand, absolutely and forthwith, the income or principal of the said trust fund to which they, respectively, may be entitled hereunder, and such beneficiaries shall have no control whatsoever over, or interest in, said trust fund, except as herein provided; and they shall have no right or authority to assign or anticipate any income or share to which they may be entitled under the provisions of

this agreement, and the interests of said beneficiaries and each of them, either in the principal or the income, shall not be liable in any manner or to any extent for the obligations or liabilities, voluntary or involuntary, of the said beneficiaries, or either of them, of whatsoever character."

Paragraph 9 provided that whenever payments were to be made, except final distribution at the termination of the trust, to any minor beneficiary, they might be made, in the sole discretion of the trustees, to the minor, either of his parents, his guardian, persons with whom he resided, or to persons who had furnished services or property or maintenance or support to the minor. Paragraph 10 directed the trustees to render an annual account to each adult beneficiary. Paragraph 16 directed the trustees to keep proper accounts, and to allow them to be inspected by any adult beneficiary.

We think the gifts here involved were gifts of future interests. As to the corpus of the property given, we do not understand the plaintiff to contend otherwise. Who would get the corpus at the termination of the trust was, and will be until that termination, uncertain. Those of the children, and of the grandchildren living at the creation of the trust, and of other grandchildren born since that time, who are alive at the time of the termination, will get the corpus. The gift is, as to each, contingent upon the existence of a state of affairs at a future time. It is a future interest, by any definition.

The gift of income was, at the time the property was put into the trust, likewise future and uncertain. The Government claims that, under the trust, the income could have been accumulated by the trustees until the termination of the trust. If so, its status would be just like that of the corpus. The plaintiff, on the other hand, urges that the direction in paragraph 5 of the trust instrument that the trustees should allocate the income, if and when received, one-half to the five children, and one-half to the grandchildren, gave the beneficiaries present interests in the income. But the trust instrument, after directing the allocation, continued "and as often and in such amounts as the trustees shall deem advisable disbursement thereof shall be made in the manner following: Fifty (50%) percent thereof shall be divided equally among grantor's five children, if living, and fifty (50%) percent thereof

shall be distributed equally among grantor's grandchildren as a group." The instrument then directed the substitution of issue of children or grandchildren who died, to take "the amount or amounts which such deceased (child or grandchild) would have received if living." Under this provision it would be difficult for a spouse or creditor or devisee of a deceased child or grandchild to get a part of the income, even if it had been "allocated" to the deceased before his death, if it had not in fact been paid to him. Only by reading out of the instrument the express language providing for disbursements "as often and in such amounts as the trustees shall deem advisable" could we say that "allocation" by the trustees created an interest which was not uncertain as to when, if ever, any particular beneficiary would get possession of the subject of it. The language of paragraph 8 fortifies this view by saying that the interest of a beneficiary shall not "vest" until he "becomes entitled to receive and demand, absolutely and forthwith, the income or principal" in question. When the grantor used both the language of paragraph 5 giving discretion to the trustees as to the time and amounts of distribution, and the language of paragraph 8 just quoted, one must conclude that he meant that a presumptive beneficiary should have no right to demand or transfer his prospective share in the income until the trustees decided to make a disbursement. If not, his interest was uncertain as to when, if ever, he would get any of the income. It was a future interest.

The plaintiff urges that that grantor could not have meant what we think he said and meant because one of his daughters was thirty-eight years old at the time of the gift, and he cannot be supposed to have intended that she should get nothing out of the gift until, if the trust ran for the full term of twenty-one years, she was fifty-nine. But the grantor was one of the three trustees, and another was of the same name as, and was, probably, one of the grantor's children, a beneficiary of the trust. The grantor may well have supposed that he could lodge discretion in such trustees without danger that they would, in fact, refuse to disburse the income with due consideration for the beneficiaries. We do not have the benefit of any construction of the trust instrument by the Utah courts. We are not told whether the trustees, of whom the plaintiff was one, did in fact

distribute the income as soon as it was allocated, as the plaintiff here contends was their duty. Their method of allocation of the income during the years 1939-1943, and their return of it as income taxable to the trust, and not to the beneficiaries, as shown in finding 8, seems to show that their counsel did not think the beneficiaries had any right to demand disbursement of it.

Even if we are wrong in concluding that "allocation" of the income on the trustees' ledger did not give the beneficiaries present interests in the income, we would still conclude that the gift of income, when made, was a gift of a future interest. When, on December 26, 1936, the plaintiff transferred the large amount of stock to the trustees, no one of the fourteen presumptive beneficiaries living at that time obtained any assured interest in the future income of· that stock. Each one had to live at least to the date of "allocation" to be entitled to a share. His interest, even to a share in one year's income, was both future and uncertain. And if he survived the date of the first allocation, his interest in any further income later received would be both future and uncertain, as to each amount of income received by the trustees and allocated to the beneficiaries from time to time during the period of the trust. The grantor, by the language of paragraph 8 of the trust instrument, made that clear. The complexities of computation which were sought to be avoided by the statutory denial of exemption to gifts of future interests, Fondren v. Commissioner, 324 U.S. 18, 65 S.Ct. 499, would be present to a considerable degree.

We have not discussed the effect of the provision in paragraph 7 of the trust instrument directing the trustees to use principal and income of the trust, if necessary or desirable, to make provision for the grantor's wife. Thinking, as we do, that the gifts in question were gifts of future interests, regardless of the effect of paragraph 7, we have not considered its effect, since whatever effect it might have would only tend to fortify the conclusion which we have reached independently of it.

The petition will be dismissed.

It is so ordered.

WHALEY, Chief Justice, and WHITAKER and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.